## Dorsey v. Commonwealth.

(Decided April 17, 1914.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Circumstantial Evidence.—Circumstantial evidence alone is sufficient to authorize a conviction where all the links are supplied in the chain of circumstances.
2. Sweating—Purpose of Anti-sweating Act.—It was not the purpose of the anti-sweating act of 1912 to make incompetent voluntary statements of persons in custody; and where there is nothing to indicate that at the time the statements were made there was coercion or dictation upon the part of the officers the voluntary statements are competent.

HENRY W. SANDERS for appellant.

JAMES GARNETT, Attorney General; OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted in the Jefferson Circuit Court charged with grand larceny committed by stealing $81.78 in lawful money of the United States from one Kay Simmons. Upon his trial he was convicted, and from that judgment he appeals.

The evidence against him is wholly circumstantial, and it is earnestly insisted by appellant's counsel that it was insufficient to authorize the submission of the case to the jury.

The prosecuting witness Simmons states that in October, 1913, he and Dorsey were each living in a certain tenant house in the city of Louisville, but in separate rooms; that on the night of the 9th of October, Dorsey came to the door of his room and asked him for the loan of a quarter, claiming that he had no money and wanted something to eat; that in Dorsey's presence he went to his trunk in the room and took therefrom a quarter and gave it to Dorsey; that Dorsey saw where he got the money; that he had in the trunk two $20.00 gold pieces, two $10.00 gold pieces, four $5.00 gold pieces, about $1.65 in change, and eighteen coppers; that the next morning he started to work shortly before seven o'clock, and Dorsey saw him as he left; that he locked the door of his room but left a window thereto unfastened; that he returned from work about half-past five o'clock that afternoon, and shortly thereafter found that his money was gone, and promptly made complaint to the officers.

Ella Roney, who lives in apartments very near to those of Simmons and Dorsey, testifies that shortly after Simmons had gone to work that morning she saw Dorsey standing within a few feet of Simmons' room, and that Dorsey was not at work that day.

Simmons caused a warrant to be issued for the arrest of Dorsey, and the two police-officers who arrested him the next morning about two-thirty A. M. testified that he was very drunk at the time, and first offered to give one of the officers $5.00 if he would let him go, and commenced fumbling in his pocket to find the money, and about that time the other officer came up and ran his hand in Dorsey's pocket and took therefrom two $20.00 gold pieces, one $10.00 gold piece, one $5.00 gold piece, 35 cents in change, and six pennies; that thereupon the defendant offered to give to the officers all of the money

except $1.00 if they would let him go; that these offers or statements by the defendant were all made voluntarily by him and not in response to any question or suggestion by either of the officers. The prosecuting witness states in substance that no other person than the defendant knew where this money was kept.

It is apparent from the testimony as to the defendant's condition when arrested, and the character of the place where he was arrested, that he had been on a debauch that whole day and night, and this very easily accounts for the difference between the amount of money taken from his person and the amount taken from the trunk. Although circumstantial evidence alone is sometimes looked upon with suspicion, yet where all the links are supplied in the chain of circumstances, it alone is held to be sufficient to authorize a conviction. Here we have a defendant who discovered a few hours before where this money was kept; he alone knew that fact; he had no money, not even enough to buy him something to eat; he was seen near that place the next morning when he knew the occupant was gone; when arrested that night he had nearly $60.00 in gold money of the same denominations as that taken from the trunk, and offered to buy his freedom by giving up this same money. There was no single feature lacking to complete a case of circumstantial evidence against him, and the court properly submitted to the jury the question of his guilt or innocence.

It is urged by appellant's counsel that under the Anti-Sweating Act of 1912 the testimony of the officers as to what occurred when the defendant was arrested was incompetent; but the statements of each of the officers is that every statement by appellant to them was voluntary upon his part, and not in response to any question of theirs. This court has held that it was not the purpose of the Anti-Sweating Act to make incompetent as against a defendant his voluntary statements. (Commonwealth v. McClannihan, 153 Ky., 412). There is nothing in the evidence in this case indicating that at the time the statements were made by the defendant there was anything smacking of coercion or dictation upon the part of the officers.

We are of the opinion that the defendant has had a fair trial, and the judgment is therefore affirmed.