## Commonwealth v. Long.

(Decided September 22, 1916.)

### Appeal from Daviess Circuit Court.

1.  Criminal Law—Sweating—What Constitutes.—The propounding of a single question to a defendant in custody does not amount to "sweating" within the meaning of our statute; it is the plying him with persistent and repeated questions with the purpose to use his admissions against him which is denounced, and the answers elicited by such repeated questions which are declared to be incompetent.
2.  Criminal Law—Admissions.—Voluntary statements of persons in custody charged with crime may be used against them.
3.  Criminal Law—Plying With Questions.—"Plying with questions" means the propounding of persistent and repeated questions of the same nature to the person in custody.

M. M. LOGAN, Attorney General; C. E. SMITH and H. A. BIRKHEAD for appellant.

L. P. TANNER for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Certifying the law.

Appellee and two others were jointly indicted charged with breaking into a warehouse with intent to steal therefrom property of value.

On his separate trial he was acquitted under a peremptory instruction from the court, and the Commonwealth being dissatisfied with this action of the court, and with certain rulings on the admissibility of evidence

which preceded it, has appealed to this court to have the law certified for future guidance.

One night in February, 1916, a warehouse was broken into and a quantity of corn taken therefrom, and each of the defendants was seen near the warehouse late in the night with a sack of corn on his back. Thereafter a warrant was issued for them from the police court, and the defendant while in custody of the officer and in the police court room, but before the court convened for his trial, made certain statements which were sought to be used against him by the Commonwealth in this prosecution, and which the lower court held were incompetent evidence against him under the provisions of our anti-sweating act.

The police officers testified that on the occasion in the police court room when appellee was awaiting trial there, one Cecil was present and identified the appellee Long as the man from whom he had bought corn, and that Long acknowledged it; that Cecil said to Long, "You don't deny being the man, do you?" and Long said, "No, sir," and the police officer then asked Long where he got the corn, if he got it at Blandford's, and he said no, he got it at Milton & Hamilton's Stock Yard; that defendant had not been threatened or intimidated in any way and had been promised no immunity, and that the statements were free and voluntary on his part.

In the anti-sweating act (sec. 1649b, Kentucky Statutes) "sweating" is defined to be:

"The questioning of a person in custody charged with crime in an attempt to obtain information from him concerning his connection with crime or knowledge thereof, after he has been arrested and in custody, as stated, by plying him with questions or by threats or other wrongful means, extorting from him information to be used against him as testimony upon his trial for such alleged crime."

It seems reasonably clear from the language used in the statute quoted that the propounding of a single question to a defendant in custody does not amount to sweating within the meaning of the act; but that it is plying him with persistent and repeated questions with a view to using his admissions against him, which is denounced, and the answers elicited by such repeated questions which are declared to be incompetent evidence. There was no evidence of threats or coercion of any kind nor any evidence of intention to extort information from defendant.

It has several times been held by this court in construing this act that voluntary statements of persons in custody might be used against them. Commonwealth v. McClannahan, 153 Ky. 412; Wellington v. Commonwealth, 158 Ky. 161; Dorsey v. Commonwealth, 158 Ky. 447; Garrison v. Commonwealth, 169 Ky. 188.

The verb "ply" is defined in Cyc., Vol. 31, page 892, to be "a word importing the performance of repeated acts of the same kind," and substantially the same definition will be found in Webster's dictionary.

There was no such plying of the defendant with questions in this case as amounted to sweating within the meaning of the statute, and we are of opinion that the evidence was competent and should have been admitted by the trial court.

Without going into detail, it is sufficient to say that there was enough corroborating evidence to authorize a submission of the case to the jury; the warehouse was shown to have been broken into upon the night in question and corn taken therefrom, and the defendants were shown to have been in the neighborhod of the warehouse late that night with sacks of corn upon their backs.

It is ordered that this opinion be certified to the lower court as the law of this case.