## Boyd and Jones v. Commonwealth.

(Decided March 3, 1922.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Motion to Quash Indictment—Review.—The ruling of the trial court, in overruling a motion to quash an indictment on the ground that the names of women were not placed in the wheel from which the grand jury that returned the indictment was drawn, is not subject to review on appeal to this court.

2. Criminal Law—Testimony of Arresting Officer.—The testimony of an arresting officer detailing statements made by the accused when arrested, is competent where it does not appear that there was any sweating or coercion that induced the accused to make the statements.

3. Criminal Law—Separation of Witnesses—Testimony of Officers.— It was proper under section 601 of the Civil Code to permit an officer of the court to remain in the court room and testify after a rule for the separation of witnesses had been granted.

4. Criminal Law—Separation of Witnesses.—Section 601 of the Civil Code is not mandatory and unless there was an abuse of judicial discretion in permitting a witness who had remained in the court room during the trial to testify, no error has been committed.

5. Criminal Law—Submission to Jury.—Evidence examined and held to be sufficient to warrant the submission of the case to the jury on the charge in the indictment and to support the verdict of guilty.

R. E. L. MURPHY for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellants, Tom Boyd and Hillard Jones, were jointly indicted and tried in the Fayette circuit court for the crime of robbery. They were each convicted and sentenced to confinement in the penitentiary for five years.

In their joint motion for a new trial ten reasons were assigned, five of which are argued here as grounds for a reversal of the judgment.

The first contention is that the motion to quash the indictment should have been sustained, because the names of women were not placed in the wheel from which the grand jury that returned the indictment was drawn. In advancing this argument counsel cites an opinion of the Attorney General holding that women are qualified and entitled to serve on the grand juries of the Commonwealth. But that conclusion is wholly aside from the point involved, and no other authority is cited nor any understandable argument made to support the contention. The question is too well settled to admit of discussion. The ruling of the trial court on a motion of this kind is not reviewable on appeal to this court. (Owens v. Commonwealth, 188 Ky. 498, and authorities cited.)

It is next contended that the court erred in admitting incompetent testimony offered by the Commonwealth. The evidence complained of is that of the deputy sheriff, Frank Hall, who testified to admissions made by the appellants when they were arrested. Supporting the contention counsel relies on the anti-sweating statute, 1649b, Kentucky Statutes, and Commonwealth v. McClanahan, 153 Ky. 412. The position of appellants in this regard is fatally weak in that there is not the slightest evidence of any sweating or coercion on the part of Hall and, indeed, counsel does not attempt to point out any such proof in the record. The evidence of Hall was obviously competent under Commonwealth v. Harris, 177 Ky. 607, and Coats v. Commonwealth, 191 Ky. 521. Here again there is no merit in the contention made.

Another ground urged is that the court erred in permitting Hall, who was a deputy sheriff, to remain in the court room and testify, after a rule for the separation of witnesses had been asked and granted. Hall was a deputy sheriff and was assigned to duty as an officer of the court during the trial. Section 151 of the Criminal Code provides that the Civil Code, "shall apply to and govern the summoning and coercing the attendance of witnesses, and compelling them to testify in all prosecutions, criminal or penal actions or proceedings, etc." Section 601 of the Civil Code excepts from the operation of the rule separating witnesses, the parties to the action and the officers of the court. Hall was an officer of the court and under these provisions it was proper to permit him to

remain in the court room and to testify. (Barker v. Commonwealth, 106 Ky. 212.)

But even had he not been an officer, section 601 of the Civil Code is not mandatory, and, unless there was an abuse of judicial discretion, no error was committed. (Carlton v. Commonwealth, 13 Ky. Law Rep. 946; Martin v. Commonwealth, 30 Ky. Law Rep. 1196; Music v. Commonwealth, 186 Ky. 45.). There was certainly no abuse of discretion in this instance. So on this point, also, the position of appellants is untenable.

It is next insisted that the court erred in overruling the joint motion for a peremptory instruction. A resume of the evidence conclusively answers this contention. Appellants were accused of robbing Joe Anderson, who was employed by the C. & O. Railway Company, as were appellants, at Lexington, Kentucky. On June 30th these employes were paid by the railway company. After receiving their money they, with other employes of the company and a number of colored men from Lexington, started to play cards and continued until midnight or later. Joe Anderson quit the game about midnight and retired to his sleeping quarters in a box car in the yards at Lexington. About 2:00 o'clock in the morning he was awakened by appellants who requested a match from him. He gave them a match, which on being lighted immediately went out, and they demanded another and when informed that he did not have another, one of appellants pointed a pistol at him and both demanded that he give them his money. According to his testimony he gave them a pocketbook containing $345.00. He is measurably corroborated by another man who was sleeping in the car. The afternoon of the same day appellants were arrested near Winchester. They had in their possession some money and it appears that they had expressed a suit case to Ashland, Kentucky, containing an additional sum. The total of these sums, however, was not nearly so large as the amount that Anderson claims they took from him. Appellants testified that Anderson had won their money at cards; that in order to get them to play he had agreed to return their losings, as he had theretofore done, because, as they said, he wanted them in the game to induce others to join it. They also said that they were partners in the game and that Anderson promised to return their losings and to divide his winnings, and that they went to the car to get the money and he voluntarily handed it to them.

The evidence for the Commonwealth clearly sustained the indictment. The testimony of the two appellants tended to disprove it. The question was one for the jury and there was no reason whatever for an instruction directing them to acquit appellants. (Gordon v. Commonwealth, 136 Ky. 508; Commonwealth v. Little, 140 Ky. 550.)

What has been said, with reference to the contention that the jury should have been peremptorily instructed to acquit appellants, applies largely to the contention that the verdict is contrary to the law. No sustainable argument is made in support of the latter ground. It is said that the evidence did not warrant the submission of the case to the jury and, therefore, a new trial should have been granted on the ground that the verdict was contrary to the law. We have seen, however, that there was ample evidence to submit the case to the jury and it may be added that the evidence also abundantly supports the verdict.

The judgment of conviction as to each of them is affirmed.