## Stubblefield v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from McCracken Circuit Court.

1. Larceny—Sufficiency of Indictment.—It is not necessary in an indictment for larceny to charge therein that the requisite intent of the defendant essential to the commission of the crime "then and there" existed at the time he took the property, when, after charging in appropriate language the taking of the property there immediately followed a statement, in substance, that it was done with the fraudulent intent, etc., which statement is construed to mean, and in effect said, that the intent existed at the time of the taking, and it is not necessary where the indictment is so drawn, in order to fix the time of the intent, to use the words 'then and there.''

2.  Criminal Law—Venue.—Slight circumstances will be sufficient to establish the venue of the crime, and under the facts of this case, as stated in the opinion, it is held that the testimony was sufficient for that purpose.

NICHOLS & NICHOLS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Upon his trial in the McCracken circuit court under an indictment accusing him of the crime of grand larceny, the appellant, Son Stubblefield, was convicted and his punishment fixed at confinement in the penitentiary for a term of three years. His motion for a new trial was overruled and he has appealed. His counsel urge as grounds for reversing the judgment: (1), the insufficiency of the indictment, and the consequent error of the court in following in the instructions its insufficient language, and (2), failure of the Commonwealth to prove the venue of the crime.

1.  The property charged to have been stolen was a bicycle which belonged to Robert Phillips, Jr., and was of the value of more than twenty dollars. The requisite manner of the taking is duly alleged and it was charged in the indictment that the taking was "with the fraudulent intent to permanently deprive the owner of his property therein and converting the same to the use and benefit of the said Son Stubblefield." The criticism of the indictment under ground (1), as well as of the instruction complained of, is that neither of them stated that the character of intent necessary to constitute the crime, "then and there," existed on the part of the defendant. We are cited to cases, as well as forms of an indictment for larceny, in which the phrase, "then and there," was used, but we have neither found nor does counsel cite us to any case holding that those words are essential to an indictment for larceny, or required in an instruction upon a trial of such indictment. The cases and the forms relied on, out of abundant particularity, included the phrase "then and there," but we are thoroughly convinced that it was not necessary to do so. Such particularity, no doubt, originated in and emanated from the extreme technical exactness of the common law with reference to pleading in both civil and criminal causes, but section 122 of our Criminal Code only requires the

acts constituting the offense to be stated "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." It is no doubt true that the requisite intent to constitute larceny must exist at the time of the taking of the property (Brennon v. Commonwealth, 169 Ky. 815, and cases cited), and consequently such an intent must be alleged in the indictment, but only in such language "as to enable a person of common understanding to know what is intended." The elements of larceny, as well as the requisites of an indictment therefor, were recently stated by us in the case of Richards v. Commonwealth, 195 Ky. 333, and we find that the indictment in the instant prosecution conforms to the requirements therein set forth. No one responsible for his acts could scarcely be misled as to what was intended by the language used in the indictment under consideration, since it is plainly and unmistakably stated that the taking, stealing and carrying away were done feloniously and unlawfully with the fraudulent intent of permanently depriving the owner, etc. Necessarily, the "intent," referred to, accompanied the taking of the property. In other words, the unlawful taking and carrying away of the bicycle were *with* (at a time when defendant possessed) the unlawful intent and which, in substance and effect, is a statement that such intent "then and there" existed. Moreover, this court in the case of Bailey v. Commonwealth, 22 Ky. L. R. 512, had under consideration the sufficiency of an indictment for larceny which did not contain the words "then and there," as qualifying the time of the existence of defendant's intent, but contained language almost exactly in the terms of the indictment under consideration and it was held that the indictment was sufficient. Under this view, which is undoubtedly the correct one, we can see no merit in this contention either as relating to the indictment or to the instruction complained of.

2. The prosecuting witness, Robert Phillips, Jr., testified that the bicycle was taken from a stable located in the back yard of his father's residence, with whom he resided, and his father testified that he, with his son, lived on Jefferson street in the city of Paducah located in McCracken county. The extremely technical position is taken that the testimony of the senior Phillips as to the location of his residence must be confined to the time at which he gave his testimony upon the trial and that there

is nothing to show that his residence was so located at the time of the commission of the crime for which defendant was tried. If the proper administration of the criminal law required us to indulge the presumption that Mr. Phillips changed his residence from the time of the theft in February, 1922, to the date of the trial in September thereafter (which, in substance, is insisted upon but which we are unwilling to accept), there is still enough in the record from which the jury might infer that the larceny occurred in the city of Paducah. Young Phillips testified, not only as heretofore indicated, but also that he used the bicycle in going to and from school which he attended, and that after discovering that it had been taken he "went down in the country with some officers" and found it, indicating thereby that he went from the city where he was residing to the country with the officers and recovered his property.

The uninterrupted holding of this court, as will be seen from numerous opinions upon the subject, has been that slight evidence will be sufficient to sustain the venue, and slight circumstances from which the jury might infer the place where the crime was committed are held to be sufficient. The two most recent cases, in which others are cited, are Keefe v. Commonwealth, 175 Ky. 51, and Warman v. Commonwealth, 193 Ky. 701. We have no doubt under the former opinions of this court of the sufficiency of the evidence to establish the venue, and this contention must be denied.

There being no error pointed out and none discovered by us, authorizing a reversal of the judgment, it is accordingly affirmed.