## Bowman v. Commonwealth.

(Decided November 23, 1923.)

## Appeal from Letcher Circuit Court.

1. Indictment and Information—Redundancy Did Not Affect Validity. —Redundancy in an indictment did not affect its validity.

2. Homicide—Testimony as to Statement Held Not Prejudicial where Fact Stated Established and Undenied.—In a prosecution for murder, it was not prejudicial error to permit a witness to testify that, upon examining the body of deceased, he remarked, "His brains are shot out," where it was completely established and undenied that deceased's brains were shot out.

3. Criminal Law—Voluntary Statement of Accused that he was Not Sorry that he Shot Deceased Properly Admitted.—Where defendant after a shooting fled from the state, and was brought back by a deputy sheriff, who asked him if he was not sorry for what he had done, his voluntary reply that he was not was not incompetent under the anti-sweating act (Kentucky Statutes, section 1649b-1).

4. Witnesses—Proper Foundation Law for Declarations Contradictory to Testimony.—Where defendant's sister testified to facts which in a measure excused, if they did not justify, a homicide, and upon cross-examination denied that she had told certain persons that defendant shot deceased for nothing, and that she unavailingly tried to prevent him from doing it, proper ground was laid for impeachment and it was proper to admit evidence of such other persons to show that she had made such statements to them.

5. Criminal Law—Court Should Admonish Jury as to Purpose and Effect of Impeaching Evidence.—Testimony that defendant's witness had stated to third parties that defendant had shot deceased for nothing was competent only for the purpose of impeaching her contradictory testimony on the stand, and it was error for the court to fail to admonish the jury as to its purpose and effect.

6. Criminal Law—Failure to Admonish Jury as to Purpose and Effect of Impeaching Testimony Not Prejudicial.—Where, upon the evidence of the Commonwealth, defendant was guilty of murder without provocation or extenuating circumstances, but was convicted of manslaughter, his substantial rights were not prejudiced by failure of the court to admonish the jury as to the purpose of impeaching evidence.

D. D. FIELDS & DAY for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Charged with murder, appellant was convicted of manslaughter, and his punishment fixed at confinement in the penitentiary for 21 years.

For reversal he urges that the court erred in overruling his demurrer to the indictment, in the admission of incompetent evidence, and in failing to admonish the jury as to the purpose and effect of impeaching evidence.

No defect in the indictment is suggested by counsel in brief, and we find no reason for criticising it, except for a redundancy, which in no wise affects its validity. There is therefore no merit in the first assignment of error.

Luther Cooper and a Mrs. Hayes were the first persons to reach decedent after he had been shot, and complaint is made of the fact the former was permitted to testify that, upon examining the body, he remarked, "His brains are shot out." This undenied fact was competently established, and the admission of the above evidence could not possibly have been prejudicial, if its incompetency be conceded, and we need not consider that question.

After the shooting, defendant fled to Virginia, where he was arrested. Later Bony Hall, a deputy sheriff of Letcher county, Ky., brought him back and placed him in the Letcher county jail to await trial upon the charge of murder. Coming back, and as they passed appellant's home, Hall asked him if he was not sorry for what he had done, and was permitted to testify, over appellant's objection, that he replied he was not. The grounds upon which the incompetency of this evidence is asserted is that it was obtained from appellant by an officer having him in custody, in violation of section 1649b, Kentucky Statutes, known as the Anti-Sweating Act. But this is not true. There was no plying of defendant with questions to obtain evidence against him. Nor was the response to a single question elicited "by the allurements of hope or the agony of fear." It was therefore voluntarily made, and is not rendered incompetent by the act, *supra*. Hathway v. Commonwealth, 82 S. W. 400, 26 Ky. L. R. 630; Commonwealth v. Long, 171 Ky. 132, 188 S. W. 334.

Nannie Bowman, appellant's sister, testified for him to facts which in a measure excused, if they did not justify, his action, and, upon cross-examination, she was asked if she had not told Rosa Caudill and Linda McDaniels upon the day of the homicide, in substance, that defendant shot deceased for nothing, and she unavailingly tried to prevent him from doing it. She denied

making the statements, and Rosa Caudill and Linda McDaniels were permitted, over defendant's objections, to testify that she did make the statements upon the occasion referred to.

The ground having been properly laid therefor, we think the evidence of the two latter witnesses was clearly competent for the purpose of impeaching the testimony given by Nannie Bowman for the defense, but it was competent for that purpose alone, and the court failed to admonish the jury, as should have been done. This was error, of course, but unless it was prejudicial to appellant's substantial rights, we are not authorized to reverse the judgment because thereof.

Upon the evidence for the Commonwealth, appellant was guilty of murder without provocation or extenuating circumstances, and in reducing the crime to manslaughter, the jury, in our judgment, gave full credence and undue weight to his evidence and that of his witnesses. Being so minded, we cannot say that appellant's substantial rights were in the least prejudiced by the failure of the court to admonish the jury as to the purpose of the impeaching evidence.

Judgment affirmed.