## Copeland v. Commonwealth.

(Decided October 29, 1926.)

Appeal from McCracken Circuit Court.

1. Larceny.—Circumstantial evidence held to sustain conviction of grand larceny.

2 Criminal Law.—Court of Appeals will cautiously exercise its power to reverse conviction because flagrantly against evidence.

A. M. NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant was indicted charged with grand larceny, and upon his trial was found guilty and sentenced to one year's imprisonment.

On this appeal his only complaint is that the evidence is insufficient to support the verdict.

The evidence shows that a country boy from Tennessee 19 years of age, named Buster Driver, came to Paducah for the first time looking for work; that he heard a boat was going out and went down to the wharf seeking employment. He there met appellant, who was also seeking employment, and when they were told to come back the next day the two left together and started out into the city of Paducah for the purpose of having a good time.

Appellant was familiar with the city and its attractions while Driver was a stranger there and a country boy. The record discloses that Driver went with appellant to several places of questionable character, and that late that afternoon they procured some whiskey and Driver got very drunk. Appellant had no money, as Driver testifies, while Driver had three ten dollar bills in a black pocket book and some other money of smaller denominations. Driver paid for their dinner, gave appellant money with which to buy the whiskey, and according to his testimony paid all expenses during the day.

Between seven and eight o'clock in the evening Driver became so drunk that appellant was advised by others to put him to bed somewhere so that he would not be locked up, and accordingly appellant procured a taxi for which Driver paid, and he was taken to a hotel.

Driver's testimony is that he took the money out of his pocketbook with which to pay for the taxi, and that appellant saw him do so, and that he, Driver, became unconscious shortly after getting into the taxi. The hotel man where Driver was placed for the night testifies, in substance, that appellant first came to his place alone and asked him if he could take care of a drunken man, and upon his agreeing to do so appellant gave him a ten dollar bill with which to pay for the room of Driver and the hotel man gave him nine dollars in change. That he then went away and shortly came back with Driver

and another young man, and they placed him in the room across the bed after taking off his shoes, and that appellant put his hands about the body of the drunken man.

Driver awoke the next morning and found that both his pocketbook and money were gone, and this indictment resulted.

A woman who runs a boarding house where appellant and Driver had been during the afternoon testified that about 8:30 that night, at a time which the other evidence shows was after Driver had been put to bed, appellant again came alone to her house; that appellant had a female friend and when he came back there at night was talking about having the money to pay the woman's way, and exhibited a black pocketbook and took from that pocketbook a bill, the denomination of which the witness did not remember.

Not only so when apppellant was arrested some time after this occurrence he first claimed to the officers that his name was Burnett and not Copeland.

It is proper to say for defendant that he introduced a witness who testified that some time late that afternoon she had loaned him a ten dollar bill; but even if the jury believed this evidence, and that it sufficiently accounted for the $10.00 bill he is shown to have had, there is no explanation or attempted explanation of the fact that he had that night, after Driver was put to bed, a black pocketbook such as Driver describes, and from which he took a bill.

The evidence is purely circumstantial, but there are so many suspicious circumstances connected with appellant's movements on that day which, taken in connection with his subsequent denial that he was the man wanted, and his failure to account for the possession of the black pocketbook, we cannot say the evidence is not sufficient to uphold the verdict.

This court has authority to reverse a judgment of conviction that is flagrantly against the evidence, but it will always exercise such power with great caution. Partin v. Com., 197 Ky. 840.

Judgment affirmed.