## Bennett v. Commonwealth.

(Decided February 2, 1932.)

245

HAFFORD E. HAY for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Sam Bennett was convicted of the crime of manslaughter and condemned to serve a sentence of 21 years in the penitentiary. He has prosecuted an appeal from the judgment insisting that the evidence failed to show that the offense was committed in Estill county, and that no competent evidence connected him with the commission of the crime. It is argued that statements to the officers who had him under arrest were not admissible against the appellant.

The testimony showed that the deceased, who was a colored man known as Buffalo Bill, worked for the railroad company, and lived in a camp car in the railroad yards. One witness specifically stated that the camp car was located in Estill county. Two witnesses saw the deceased in the camp car, but neither of them knew where he was killed, except by inference arising from the circumstancs. The coroner of Estill county conducted an investigation, and examined the body of the deceased at the scene of the shooting, which was in the camp car. The witnesses who saw the man shot testified that he was shot in the camp car where he lived by some one from the outside. They could not see or recognize the one who did the shooting. The testimony showed that the killing occurred in the camp car in the railroad yard near the roundhouse in Estill county, and the jury was fully justified in finding that fact.

It is not necessary to prove by the specific statement of a witness that the scene of a crime was in the par-

ticular county, but it is a safe and prudent practice, and avoids controversy. It is only essential however, that the place of the crime be proven with such exactness that the jury may determine that it occurred in the county where the prosecution was pending, or in the county charged in the indictment. It was clear from the evidence in this case that the victim was killed instantly where he was found, and that he was not brought upon the premises from some other county. That he was shot at that very place was shown by certain witnesses, and that his dead body was seen there, and that such place was in Estill county, was proven by other witnesses. Under such circumstances, there is no room for the contention that the crime was not committed in Estill county. Hays v. Com., 14 S. W. 833, 12 Ky. Law Rep. 611; Wilkey v. Com., 104 Ky. 325, 47 S. W. 219, 20 Ky. Law Rep. 578; Stubblefield v. Com., 197 Ky. 218, 246 S. W. 444; Newton v. Com., 158 Ky. 4, 164 S. W. 108; Sebree v. Com., 200 Ky. 534, 255 S. W. 142; Nelson v. Com., 232 Ky. 568, 24 S. W. (2d) 276.

It will be seen from a review of the authorities cited that the jury is presumed to have some knowledge of the local geography, such as the location of towns, permanent structures, and named creeks. The jury knew where the roundhouse referred to by the witnesses was located, and the camp car was located near that permanent object. The testimony was sufficient to show that the place described was in Estill county.

The next contention is that there was no competent evidence connecting the appellant with the crime. The testimony tended to show that the defendant and the deceased had engaged in a fight a short time before the killing, and, while smarting under the anger engendered by the fight and suffering from the injury and humiliation inflicted on him by the deceased, the defendant procured a shotgun, returned to the camp car, and assassinated his enemy. The officers began a search for Bennett, and found him in a field by some bushes where he was placed under arrest. He told the arresting officers that he had been badly treated by Buffalo Bill, and voluntarily explained the circumstances. Appellant invokes section 1649b-3, Ky. Stats., which forbids the introduction in evidence of any confession obtained in violation of the terms of that statute. It is true appellant was under arrest and in custody when he related what he had done, but the statement was not obtained by duress

or in violation of the statute. The prisoner was not questioned at all, but stated the facts of the killing from his own standpoint, specifying the reasons for his act. No doubt of the competency of the evidence can arise in this case, as the statements made were wholly voluntary and designed to be self-serving. The appellant supposed he was justified in his act because of the treatment he had received at the hands of his victim. Com. v. Harris, 177 Ky. 607, 197 S. W. 1071; Coats v. Com., 191 Ky. 521, 230 S. W. 947; Dials v. Com., 192 Ky. 440, 233 S. W. 888; Sebree v. Com., 200 Ky. 534, 255 S. W. 142. The authorities cited for the appellant point out that the confession of an accused out of court is always competent evidence against him, if voluntarily made, when the accused was not influenced to make it by the "flattery of hope or the torture of fear." Roberson's New Criminal Law, sec. 1812.

The mere fact that a confession or statement may be made to officers does not render proof thereof incompetent, if it was voluntarily made. Plying with questions means the persistent and repeated propounding of inquiries to elicit a desired answer, carried to such an extent that the prisoner feels required to answer as the questioner wishes in order to escape from the pressure. Com. v. Long, 171 Ky. 132, 188 S. W. 334.

Here we have no evidence whatever of any duress, pressure or mistreatment. The statements were voluntarily made to friendly officers, who frankly sympathized with the appellant, because of the cruel beating administered to him by the deceased just before the killing. Cf. Farley v. Com., 165 Ky. 600, 177 S. W. 431. The evidence was clearly competent, and, since no other question is raised, it follows that the judgment of conviction may not be disturbed.

The judgment is affirmed.