## Caruth v. Commonwealth.

(Decided Nov. 3, 1933.)

144

JOHN C. DUFFY for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Henry Caruth, and three others were indicted in the Christian circuit court for the crime of unlawfully and feloniously appropriating to their own use property in the possession of a common carrier for transportation. Section 1201b, Kentucky Statutes. The property alleged to have been appropriated consisted of several cartons of cigarettes, tobacco, and other articles of the value of about $200. On his separate trial the appellant was convicted and sentenced to a term of three years in the penitentiary.

On this appeal it is insisted that the judgment should be reversed because (1) the trial court erred in overruling appellant's motion for a peremptory instruction; (2) the verdict of the jury is flagrantly against the evidence; and (3) the alleged confession of appellant was not corroborated by any other evidence showing that the offense was committed in Christian county. All of the grounds relied upon for a reversal of the judgment are based on the theory that there was no evidence that the offense was committed in Christian county and they will be considered together.

The evidence for the commonwealth shows that three cases of cigarettes consigned to Bray Smith, a merchant in Paducah, Ky., and a lot of tobacco, consigned to D. Wortham & Co. in Paducah, were shipped on the Tennessee Central Railroad from Nashville, Tenn. The articles were loaded in freight car No.

175264, which belonged to the Illinois Central Railroad Company. This car was sealed at Nashville and was delivered by the Tennessee Central Railroad Company to the Illinois Central Railroad Company at Hopkinsville, Ky. The car arrived at Hopkinsville at 11:05 o'clock p. m. August 11, 1932, and on its arrival there was inspected and the seals were found to be unbroken and in good condition. The car remained in the railroad yards at Hopkinsville 45 minutes. It arrived at Paducah about 9 o'clock a. m. August 12, 1932, and, when it was inspected there, it was found that the seal on one of the doors had been broken. When the merchandise in the car was checked, it was found that three cases of cigarettes consigned to Bray Smith, the tobacco consigned to D. Wortham & Co., and other articles had been taken from the car.

Appellant was arrested in Hopkinsville a day or two later. He admitted in the presence of three officers that he and three companions had broken into the car while it was standing in the railroad yards at Hopkinsville, and had removed several cases of cigarettes and tobacco, which were later sold, and that he and each of his companions received $5.

It is conclusively shown that the car was broken into and the property taken therefrom, but it is insisted that there is no evidence corroborating appellant's confession that the crime was committed in Christian county. It is argued that the crime might have been committed in Christian county or it might have been committed in the railroad yards in Paducah in McCracken county. Section 240 of the Criminal Code of Practice provides that:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

This section merely requires that a confession of a defendant must be accompanied with other proof that the crime charged was committed but does not require other proof as to where it was committed, but even if other proof as to the venue were required, there was evidence in this case, aside from appellant's confession, from which the jury might reasonably infer that the crime was committed in Christian county. The

seals on the doors of the car from which the goods were taken had not been broken when the car reached Hopkinsville. When the car was inspected, shortly after its arrival in Paducah the following morning, it was found that the seal on one of the doors had been broken and the goods were missing. One witness testified that broken cartons, which had contained cigarettes, were found in the railroad yards at Hopkinsville near the place where the car in question had been placed. Sec. 1146 of the Statutes provides that:

"When it is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either in which the indictment is found shall have jurisdiction of the offense."

In Sebree, Jr., v. Commonwealth, 200 Ky. 534, 255 S. W. 142, 144, the court, referring to this section of the Statutes, said:

"It evidently means that where the proof is such as to create a doubt concerning the place of the commission of the crime, and according to which it might have been committed either in one or more counties, then the court of either of the counties first obtaining jurisdiction of the defendant will have the right to try him and to submit to the jury the question of venue, and if it returns a verdict upholding the jurisdiction it will not be disturbed."

The court submitted to the jury the question of venue in an instruction, of which no complaint is made, and the jury's verdict upholding the jurisdiction is abundantly supported by the evidence.

It is also suggested that the confession made by the appellant out of court should not have been admitted in evidence because such confession was elicited from him in violation of section 1649b-1 et seq. of the Statutes, known as the Anti-Sweating Act. The evidence wholly fails to disclose any such "sweating" as is forbidden by this act. The appellant made the confession after he had been arrested and in response to a question, but the evidence clearly shows that those having him in custody did not obtain the confession by plying him with questions or by threats or other wrongful means prohibited by the Anti-Sweating Act. As said

in Bennett v. Commonwealth, 242 Ky. 244, 46 S. W. (2d) 84, 85:

> "The mere fact that a confession or statement may be made to officers does not render proof thereof incompetent, if it was voluntarily made. Plying with questions means the persistent and repeated propounding of inquiries to elicit a desired answer, carried to such an extent that the prisoner feels required to answer as the questioner wishes in order to escape from the pressure. Commonwealth v. Long, 171 Ky. 132, 188 S. W. 334."

No prejudicial error appears in the record and the judgment is affirmed.