## Cobb v. Commonwealth.

(Decided Dec. 15, 1936.)

D. M. ALLEN for appellant.

B. M. VINCENT, Attorney General, J. J. LEARY, Assistant Attorney General, and G. MURRAY SMITH, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

At the February, 1936, term of the Madison circuit court, the grand jury returned an indictment against appellant accusing him of the crime of grand larceny. It was charged that he took and operated the automobile of Virgil Jett without his knowledge and consent, as

denounced by Kentucky Statutes, sec. 2739g-58. He was tried at the same term of the court that the indictment was returned, convicted, and sentenced to four years in prison. He appeals.

Grounds relied on by appellant for a reversal of the judgment are that the court admitted incompetent evidence and that the instructions given by the court are erroneous.

The incompetent evidence complained of relates to certain statements appellant made to the officers after he was arrested and while they were taking him from Covington, Ky., to Richmond, Ky., which were the same statements made at the same time and under the same circumstances as that complained of in the case of Cobb v. Commonwealth, 267 Ky. 176, 101 S. W. (2d) 418, this day decided by this court, wherein the appellant in that case, who is also the appellant in this case, was charged with housebreaking. The two offenses were committed on the same night, and it is the position of the Commonwealth that Cobb, the appellant in the respective cases, stole the automobile, for which he is charged in this case, just after he committed the housebreaking offense in the former case and carried away in it the stolen goods.

After he was arrested in Covington for the two offenses and while in transit from Covington to Richmond, the officers who had charge of him plied him with questions as to his guilt in both cases and perhaps promised or intimated that if he confessed to the charges he might not be indicted and prosecuted. The evidence being the same in both cases and obtained at the same time and under the same circumstances, without repeating it, a reference to the opinion in the housebreaking case as stated above is sufficient. In that case we held that the court erred in admitting as evidence the statements made by appellant to the officers, it being in violation of the Anti-Sweating Act (Ky. Stats. sec. 1649b-1 et seq.), and therefore this case must be reversed upon the same authority and reasoning applied in the other case.

The objections urged to the instructions are that they did not contain the language of the Statutes, or in substance the same. However, we think the instructions are substantially correct. But on another trial of

the case it might be well to comply more fully with the language of the Statutes.

For reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.