# Cobb v. Commonwealth.

(Decided Jan. 14, 1938.)

E. SELBY WIGGINS and O. P. JACKSON for appellant.

HUBERT MEREDITH, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Coleman Cobb, was indicted at the February, 1936, term of the Madison circuit court, charged with grand larceny committed by taking, driving, and operating the automobile of Virgil Jett, without his knowledge or consent, an offense denounced by section 2739g-58, Kentucky Statutes.

He was tried on the charge at this same term of court, convicted and sentenced to four years' imprisonment.

Upon his appeal, this judgment was reversed upon the ground that the lower court improperly admitted a confession, which it held was extorted from appellant by the officers having him in custody, rendering his statements made under such pressure and circumstances involuntary, and in violation of sections 1649b-1 et seq., Kentucky Statutes, commonly called the "Anti-Sweating Act."

For a statement of the facts and the rulings of this court upon the first appeal of the case, see 266 Ky. 711, 99 S. W. (2d) 750. See, also, the companion case of Cobb v. Com., reported in 267 Ky. 176, 101 S. W. (2d) 418, the evidence being the same in both cases as to this confession obtained at the same time and under the same circumstances.

Upon remand of the case to the lower court for a new or second trial of the appellant upon this same indictment, he was again convicted of grand larceny, as charged, and sentenced to one year's imprisonment in the state penitentiary.

Complaining of this verdict and judgment thereon as erroneous, he prosecutes this appeal, seeking its reversal upon the grounds (1) that evidence for the Commonwealth, prejudicial to his rights, was admitted; (2) that the conversations and alleged confession of the defendant, procured in violation of the "Anti-Sweating Act," were (as held upon the former appeal) again improperly admitted in evidence; and (3) that there was not sufficient evidence, or any evidence, tending to show that appellant took the automobile belonging to Virgil Jett.

Looking to the first of these assignments of error, it is sufficient answer thereto that, after due consideration given same, and the arguments advanced in its support, we find it is altogether without merit or any substantial support of either rule or reason, and therefore conclude that no discussion of this ground of objection is here called for.

Next considering the second objection, that the trial court erred in again permitting, upon this second trial of appellant, appellee to introduce before the jury evidence as to the appellant's confession of guilt, which was (as stated supra) ruled upon the former appeal to be incompetent upon the ground that such statements made by appellant were procured by improper "sweating" methods, we conclude it, too, is trivial.

As to this, it is shown by the record that any questioning of the witnesses as to statements made by appellant, while under arrest and in the custody of the officers, in reply to the questions put to him to procure appellant's confession of guilt, was engaged in outside the hearing of the jury, and further that, at the end of such

line of interrogation, counsel for defendant having moved that all of such evidence be excluded from the jury, such motion was sustained. Such being the fact, we are unable to agree with the contention of appellant that he was prejudiced by this line of questioning of the witnesses, in that it was clearly shown that such complained of questions and answers thereto were not heard by, nor submitted to, the jury, and therefore could not have influenced it in determining the question of appellant's guilt.

The last and really the only question meriting serious consideration and discussion is presented by appellant's third assignment of error, that there was not here sufficient evidence, or any evidence, tending to support the jury's verdict in finding that the appellant took Virgil Jett's car.

In this connection, it is to be noted that the evidence introduced by the Commonwealth to support the charge made in the indictment against the appellant is wholly and entirely circumstantial. That such is the fact, however, does not determine the sufficiency or insufficiency of this evidence heard by the jury to sustain the verdict.

The appellant upon this second trial did not testify as a witness in his own defense, as he did upon the first trial, but rested with his plea entered of not guilty, thereby leaving the burden of establishing his guilt, and all the facts necessary to support it, upon the Commonwealth.

The Commonwealth, to maintain this burden, has shown that the automobile of Virgil Jett, charged in the indictment to have been stolen and carried away by the appellant, was on the night of January 18, 1936, placed by Jett in the garage at his home in Richmond, Madison county, Ky., also, that the automobile of Jett was later that night stolen by some one who entered his garage and took and drove it therefrom, and that the same was later found in a wrecked condition in Williamstown, Grant county, Ky., located on the highway between Georgetown and Covington.

Further, the evidence clearly shows that Virgil Jett, the owner of the stolen car, on the next day, when learning of its whereabouts, went to Williamstown, where he identified and recovered it, and at the time of doing so found there had been left in the car a raincoat, pre-

sumptively belonging to the one last having possession and use of the car. Jett carried this raincoat back to Richmond and gave it to Mr. Lackey, the chief of police of that city. On this raincoat they discovered a Covington dry cleaner's tag and number and, acting upon this clue, Jett and Lackey took the coat, so marked, to Covington, where they inquired at different dry cleaning establishments to ascertain which one of them had put this dry cleaning mark on the coat, to the end of locating and identifying its owner. In the course of their inquiry, they called at Mr. Nipper's dry cleaning plant, when he at once, by reference to his records (which showed his customers' names, account numbers, and the articles serviced), found that this raincoat, identified by its tag number, had recently been left with him for repair or cleaning by the appellant, Coleman Cobb. Also, Mr. Nipper testified that he had known the appellant there in Covington for a couple of years, and that the coat was Cobb's coat, and that it was also shown by his records to have been recently delivered to him by Cobb for services thereon. That this raincoat was the property of the appellant was further shown by the testimony of Harvey King, an employee of the Richmond Poultry Company at Richmond, Ky., which place of business had also been broken into and goods stolen therefrom the same night the offense here under consideration had occurred. He testified that he saw the appellant on the afternoon next previous to the night it was robbed and Mr. Jett's car stolen, hanging around their store and wearing this same raincoat, which he identified after it was later found in Virgil Jett's car at Williamstown.

Such closely .connected and corroborative links of circumstantial evidence, unbroken in their line of sequence between the established fact of this car's having been stolen by some thief from Jett's garage and by him driven to Williamstown and there left, with his raincoat therein (both there abandoned by him in his hasty attempt to escape apprehension and arrest for his theft of the car), is evidence, even if it be of only circumstantial character, which we conceive very forcefully and strongly tends to incriminate and identify the accused appellant as the one guilty of the theft of this car.

For such reason also we conclude that such evidence was amply sufficient to sustain the jury's finding that the offense charged was committed in Madison

county, which appellant by counsel also questions, contending that the proof failed to show that the charged offense was committed in that county so as to establish its venue of prosecution.

In view of such being the forcible character and probative quality of all these connecting links of circumstantial evidence, we are altogether unable to agree with the contention of counsel for appellant that the same was not sufficient to carry the case to the jury or to support its verdict returned thereon, finding the appellant guilty of the crime charged.

We have repeatedly held that the guilt of one charged with grand larceny may be shown by circumstantial evidence alone. To such effect, see the cases of Duroff v. Commonwealth, 192 Ky. 31, 232 S. W. 47; Copeland v. Commonwealth, 216 Ky. 286, 287 S. W. 721; Dorsey v. Commonwealth, 158 Ky. 447, 165 S. W. 405; Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029; Oder v. Commonwealth, 195 Ky. 651, 243 S. W. 877; Wallace v. Commonwealth, 162 Ky. 85, 172 S. W. 118.

Therefore, for the reasons above indicated, we are of the opinion that the defendant has had a fair trial, in which his guilt has been clearly established by competent and sufficient evidence. Wherefore the judgment is affirmed.