**Ed MILAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

R. Pollard White, W. O. Soyars, Hopkinsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Justice.

Ed Milam was convicted of the murder of Stephen Farmer and his punishment was fixed at death. He urges two grounds for reversal: 1. his confession introduced by the Commonwealth was obtained under such circumstances as to render it inadmissible; 2. photographs introduced by the Commonwealth showing the body of deceased served no evidentiary purpose, were inflammatory and aroused the prejudice of the jury.

The proof introduced by the Commonwealth, which was the only evidence offered as appellant did not take the stand, is to the effect that Ed Milam, 25 years of age, and James Robinson planned to rob a liquor store known as "The Hut" located in Christian County near Fort Campbell. Around 5:30 o'clock on the afternoon of July 15, 1954, Mansfield Ellis drove them to the scene of the crime in his car. Appellant and Robinson went in ."The Hut"; Robinson ordered a bottle of wine from the clerk, Stephen Farmer, and appellant pulled 'his gun and said, "This is a stick-up". Mr. Farmer reached for his gun, fired at appellant and the latter fired three times, two of the shots hit Farmer and killed him instantly. Appellant was shot through his right ear.

Appellant and Robinson ran out of the store and attempted to get in Ellis' car. Ellis testified he refused to let appellant in the car and the latter ran behind the store. Ellis drove to his home, New Providence, Tennessee, some 25 miles distant, with Robinson on the back seat. Some thirty minutes after the shooting appellant returned to the highway, caught a ride to his home, New Providence, was soon arrested and lodged in jail at Clarksville, Tennessee.

On July 16, Russell Greenwell, Chief of Police of Hopkinsville, went to the Clarksville jail and appellant voluntarily made and signed a written confession. Appellant later told Greenwell his pistol was not at the place designated in his confession but he had hidden it near an outhouse at his home, and the weapon was subsequently found there.

Right after the shooting G. W. Riley, a Highway Patrolman, George Batts, a Dep-

uty Sheriff of Christian County, and Dr. Preston Higgins, went to the scene of the crime. When Dr. Higgins arrived Farmer was dead with his pistol clenched in his hand. Riley had a camera with him and took eight pictures which Batts testified fairly represented the inside of the store as they found it. Six of these pictures show the deceased from different angles slumped in a kneeling position behind the counter with his head resting on a shelf. Two of the pictures show what looks like a blood stain under deceased's right arm. The body of deceased does not appear in the other two pictures, which show a bullet hole in the cash register.

Able counsel appointed by the court to defend appellant vigorously argue that the circumstances surrounding appellant show he did not voluntarily make the confession introduced in evidence against him. They urge he had been in custody for two or three hours before he gave his confession to Greenwell; that his confession stated the robbery was planned on the night of July 15th, when the attempt to execute it was made in the late afternoon of that day and the confession did not give the true location of the weapon used by appellant. Counsel also call attention that Greenwell testified the Clarksville officers stated to him, "Milam would not * * *". (Here an objection, we presume by appellant's counsel, was sustained as the witness was relating hearsay testimony.) Counsel insist these facts show appellant refused to talk voluntarily and he must have been plied with questions and a confession wrung from him which should have been excluded under KRS 422.110.

█ Counsel for appellant are right in saying the purpose of the statute is to exclude confessions obtained through "sweating" or induced by hope or fear raised by promises or threats of one having authority over the accused at the time. They cite Curtis v. Com., 312 Ky. 205, 226 S.W.2d 753; Tarrence v. Com., Ky., 265 S.W.2d 52, which sustain their interpretation of the statute. However, Counsel have drawn an inference which has no factual basis. Appellant did not take the stand and no one testified he was plied with questions or that either promises or threats were directed at him. On the contrary, Chief Greenwell testified he talked alone to appellant, told him anything he said would be used against him and "If he wanted to ease his conscience or get it off his mind" to tell him. Thereupon, appellant confessed to Chief Greenwell, who reduced it to writing, read it over to appellant and the latter signed it.

█ Certainly, in the face of this direct and uncontradicted testimony of Mr. Greenwell, we cannot say that appellant's confession was involuntarily made. It is not necessary that a confession be made spontaneously to be voluntary, nor is a confession inadmissible merely because elicited by questions addressed to accused. The fact that a confession was made in response to a question assuming accused's guilt, does not, in itself, render the confession inadmissible, unless the question is so phrased or framed as to trap him and to inspire hope or fear, or was accompanied by menacing circumstances. 20 Am.Jur. "Evidence", § 500, p. 432; Curtis v. Com., 312 Ky. 205, 226 S.W.2d 753.

█ We are in full accord with appellant's counsel that the photographs of deceased's body taken soon after the shooting as it was found in the store should not have been admitted in evidence. Mr. Charles William Kimmell, the mortician who prepared the body for burial, testified specifically at what points the fatal bullets entered deceased's body. These pictures served no useful purpose. However, they were not gruesome as were the ones introduced in Craft v. Com., 312 Ky. 700, 229 S.W.2d 465, which caused us to reverse that judgment, but were more like the photographs introduced in Calhoun v. Com., 301 Ky. 789, 193 S.W.2d 420, where we said they were not prejudicial in the circumstances there presented. Likewise, the pictures in the case at bar could not have been prejudicial to accused in the circumstances shown in this record.

Were this a close case or had the pictures been ghastly, as the ones introduced in the Craft case, we would have a more serious question and one which more likely would cause a reversal. Prosecuting attorneys should always be careful in offering photographs of bodies and judges even more careful in admitting them, as they are are often of no evidentiary value and they can cause reversible error.

The judgment is affirmed.