Eugene **HARDIN**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1968.

Rehearing Denied Feb. 14, 1969.

**932**

Kenny Grantz, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Eugene Hardin appeals from a judgment sentencing him to five years in prison pursuant to a jury verdict finding him guilty of knowingly receiving from James Payton Satterly a stolen tractor. KRS 433.290. The evidence is summarized in Satterly v. Commonwealth, Ky., 437 S.W. 2d 929 (decided today). Neither Hardin nor Satterly, who were tried jointly, offered any defensive testimony.

Satterly was indicted for grand larceny with two previous felony convictions under KRS 431.190, the habitual criminal statute. Hardin was indicted for receiving stolen property (Count 1) and/or grand larceny (Count 2). Hardin's motion for a trial separate from Satterly's was overruled.

Instruction No. 1 submitted the question of whether Hardin received the tractor from Satterly in Jefferson County knowing it had been stolen. Instruction No. 2 submitted the question of whether Hardin stole the tractor in Jefferson County. Instruction No. 3 covered reasonable doubt. Instruction No. 4 authorized the jury to find Hardin guilty under either, neither, or both of the first two instructions. This, of course, was a very obvious error, since the man could not be guilty of both the theft itself and the receiving of the thing stolen. For the correct method of instructing in such a case see Mercer v. Commonwealth, Ky., 330 S.W.2d 734, 737, 99 A.L.R.2d 1 (1960). Since the jury convicted on only one of the two charges, that particular error was not prejudicial. Unfortunately, however, the jury chose the wrong one, because there is not a shred of evidence in the record to support a finding that Hardin received the stolen tractor in Jefferson County.

"The crime of knowingly receiving stolen property is a substantive crime, complete in itself, and is not, under the statute, an accessorial act to a larceny, and the place of its commission is not controlled by the place of the larceny, but is committed where the stolen property is received, with knowledge of its character." Ellison v. Commonwealth, 190 Ky. 305, 227 S.W. 458, 460 (1921).

KRS 452.620 (formerly § 1146, Kentucky Statutes) provides that if there is a reasonable doubt as to whether a felony has been committed in the county in which an indictment has been returned or in some other county, the venue of the

prosecution is in the county in which the indictment was returned.

In *Ellison*, the case last cited, a number of boxes of cigars had been stolen from a railroad car in Danville, Boyle County, Kentucky. Between 50 and 100 boxes of the stolen cigars were later seen in a room in Danville shared by the defendant (an employe of the railroad company) and one Davis. The defendant admitted having received 10 of the boxes from Davis in Lincoln County, but denied having received any of the cigars in Boyle County, wherein the indictment was returned. Evidence showing that the 50 to 100 boxes of cigars remained in the room of Davis and the defendant for several days immediately after the theft, that the defendant then accompanied Davis and the cigars on a trip to another town, and allowed Davis to store them in a barn on his (defendant's) father's place in Lincoln County, and that finally Davis left 10 boxes there as a gift to the defendant, was held sufficient to support a finding that the defendant received the cigars in Boyle County.

■ The significance of the *Ellison* opinion is that the court found it "necessary to examine the evidence to determine *whether there was evidence* to support the verdict to the effect that appellant received the cigars, or any of them, in Boyle County, or *any act was done by appellant in such county*, the effect of which was the reception of the cigars, elsewhere, with the knowledge at the time of their reception of the stolen character of the cigars." (Emphasis added.) In relation to KRS 452.620, this means there can be no "reasonable doubt" as to whether a crime took place in one county or another unless there is *some evidence* to support a finding either way. In discussing this statute the court on several occasions has stated the rule to be as follows: " 'Slight evidence will be sufficient to sustain the venue, and slight circumstances, from which the jury might infer the place where the crime was committed, are held to be sufficient.' " Commonwealth v. Duvall,

220 Ky. 771, 295 S.W. 1047, 1049 (1927); Sebree v. Commonwealth, 200 Ky. 534, 255 S.W. 142, 144 (1923); Stubblefield v. Commonwealth, 197 Ky. 218, 246 S.W. 444, 446 (1923).

The "right of a person accused of crime to have the jurisdiction of the court proved is more than technical. It is a right which comes down from the common law of England and is assured by the Bill of Rights of the Kentucky Constitution." Woosley v. Commonwealth, Ky., 293 S. W.2d 625, 626 (1956).

■ In this instance there is no evidence whatever that Hardin did anything in Jefferson County unless it is inferable from his subsequent actions elsewhere that he took part in the larceny itself. Of that, the jury specifically found him not guilty. We are unable to avoid the conclusion that there was no basis in the evidence for the instruction on receiving stolen property in Jefferson County.

■ One other point must be dealt with in the event of a new trial on the charge of receiving stolen property in Jefferson County. If it appears that a defendant or the Commonwealth will be prejudiced by a joinder of offenses or defendants for trial, RCr 9.16 requires the trial court to grant separate trials or provide whatever other relief justice necessitates. We have not had occasion to determine whether being joined for trial with a defendant being tried under the habitual criminal statute is inherently prejudicial to a defendant who is not accused under that statute. We are inclined to think it is, and that a separation should be granted. The citation of an Illinois case, People v. Kozlowski, 368 Ill. 124, 13 N.E.2d 174, 115 A.L.R. 1505 (1938), in Alford v. Commonwealth, Ky., 432 S.W.2d 414 (decided October 4, 1968), was for illustrative purposes only, and was not intended to signify either approval or disapproval. In this particular instance we know from the record in Hardin v. Commonwealth, Ky., 428 S.W.2d 224 (1968), that Hardin is not

among the uninitiated and unblemished, but he was not indicted as a habitual criminal and had the right to remain silent and be judged as if he were on trial for the first time in his life.

The judgment is reversed for further proceedings consistent with this opinion.

MONTGOMERY, C. J., and HILL, MILLIKEN, STEINFELD and WILLIAMS, JJ., concur.