## Linde v. Commonwealth.

(Decided March 20, 1925.)

### Appeal from Hardin Circuit Court.

1. Witnesses—Questioning Defendant's Character Witness Relative to Indictment Against Defendant Held Error.—Asking defendant's character witness on cross-examination whether he had heard defendant's neighbors talk about defendant being indicted for false swearing held error, especially where no proof of such

indictment had been introduced nor attempted to be introduced thereafter.

2. Criminal Law—Scope of Permissible Argument to Jury, Stated.— Counsel in argument may comment on proof and draw all reasonable deductions therefrom and even state to jury their conclusions, though they may be supported only by legitimate inferences drawn from facts of which there was testimony.

3. Criminal Law—Remarks of Commonwealth Attorney Insinuating that Indictment Returned Against Defendant for False Swearing Held Error, where no Proof of Such Indictment Offered.—Remark of Commonwealth attorney intimating that defendant had been indicted or charged with false swearing, and further remark, on objection by defendant's counsel, that "I do not blame you for objecting to testimony on that question," held error, where there was no proof of such indictment but only insinuations in questions on cross-examination.

4. Intoxicating Liquors—Good Character as Observer of Prohibition Statute Not Provable.—Permitting defendant to establish his good character for morality, uprightness, and good citizenship, fully protected his rights, and exclusion of proof of his · good reputation as an observer of prohibition statute was not error.

G. K. HOLBERT and H. L. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Henry Linde, was convicted in the Hardin circuit court of the offense of selling intoxicating liquor for beverage purposes, and on this appeal from the judgment pronounced on the verdict counsel urge two errors as grounds for reversal (1), impropor questions propounded by Commonwealth's attorney in cross-examining defendant's character witnesses and (2), improper remarks made by him in his closing argument to the jury and to which the court overruled objections. The foundation for ground (1) arose in this way: Defendant introduced witnesses to prove his good moral character, as he had a right to do, and on their cross-examination by the Commonwealth's attorney he asked them, "Have you heard them (defendant's neighbors and acquaintances) talk about him being indicted for false swearing? Haven't you heard about him being indicted in this court?" Defendant objected, but the court overruled the objections and the witnesses answered that they had heard of no such thing. We think it well settled that even

proof only of an indictment against a witness whose character is sought to be impeached is incompetent, and clearly, merely an insinuation that such indictment had been returned, without proof of the fact, would be still more incompetent. At the time the questions were propounded to the witnesses by the Commonwealth's attorney no proof of such a charge, by indictment, had been introduced, nor did he attempt to do so at any time thereafter. A mere statement of the proposition is sufficient to condemn the practice, and we feel that further argument to demonstrate its incompetency as well as its prejudicial effect is entirely unnecessary. But, whether such an error alone would authorize a reversal of a judgment where the entire proof sustains the verdict of conviction with reasonable clearness, we need not determine, since the error complained of in ground (2) is undoubtedly sufficient for that purpose.

The facts with reference to ground (2) were: That in the closing argument to the jury by the Commonwealth's attorney he said, ''Is it not strange that these witnesses for the defense had not heard of as serious a thing as being indicted or charged with false swearing, about which I asked them?'' Defendant objected to that remark, but his objections were overruled, and he excepted. The Commonwealth's attorney then said, ''I do not blame you for objecting to the testimony on that question,'' to which defendant objected and the court sustained the objection to it, but did not admonish the jury in any manner, and the defendant moved to discharge it because of the objectionable remarks, but the court overruled the motion and he excepted.

We have often had occasion, particularly in recent years , to lay down the limitations of the right of counsel, including Commonwealth's attorneys, in their arguments to the jury, the substance of which were, that they had the right to comment on the proof in the case and to draw all reasonable deductions therefrom and to even state to the jury their conclusions though they might be supported only by legitimate inferences drawn from facts for which there was testimony to support. Lawler v. Commonwealth, 182 Ky. 185; Chappell v. Commonwealth, 200 Ky. 429; Bailey v. Commonwealth, 193 Ky. 687; Bolin v. Commonwealth, 206 Ky. 608. But, at the same time, we have condemned arguments based upon facts that were wholly *unproven* and for which there was no testimony to sustain, or inference to be drawn. John-

son v. Commonwealth, 188 Ky. 391. Even if it should be conceded that it was competent in this case (but which we do not hold) to prove by competent evidence that defendant had been indicted for false swearing, such proof was not furnished nor offered to be introduced, and the only foundation for the remarks of counsel, to which objections were made, was the mere insinuations embodied in his questions that such indictment had been returned, and it requires no argument to show the impropriety of those remarks or their prejudicial effect. They assumed it as a fact, wholly without proof, that defendant had been indicted for the highly degrading offense of perjury or false swearing and which could have no effect upon the minds of the jury other than to prejudice them against him and to cause the return of a verdict different from what they might otherwise have done.

It is also argued in brief for appellant that he should have been permitted to establish his good character as an observer of our prohibition statute by showing that he had the reputation of obeying it; but it is our conclusion that his rights in that respect were fully protected when the court permitted him to establish his good character for morality, uprightness and good citizenship in the community, for after all the one is included in the other, since it could scarcely be true that one possessed a good moral reputation and at the same time also possessed one for being a constant violator of the prohibition law.

For the errors above indicated, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.