## Martin v. Commonwealth.

(Decided Oct. 2, 1934.)

C. B. WHEELER for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellant, Creed Martin, was indicted jointly with Hayes Vance for the murder of John Slone. See Vance v. Commonwealth, 254 Ky. 667, 72 S. W. (2d) 43. Martin was charged with aiding and abetting Vance, and his conviction carried a sentence of ten years in prison.

The three men and another had been drinking together during the afternoon and their relations seemingly were friendly. It is apparent that the homicide was the result of drunkenness of all of the participants. Counsel for the appellant concedes that there was sufficient evidence to support the verdict if the statements of the deceased admitted under the dying declaration rule were competent. We think the statements were properly admitted, and, as the essential facts are related in Vance v. Commonwealth, supra, it becomes unnecessary to relate them.

Nor is it necessary that we consider the point that appellant was entitled to a continuance.

In the course of the concluding argument, the commonwealth's attorney stated:

"This defendant has had every avenue of escape from this case blocked. The Grand Jury blocked his first avenue of escape when they returned the indictment. I made a thorough investigation of the facts and circumstances of this case, and I made up my mind then that this defendant, Creed Martin, was guilty in this case, and instead of writing on the indictment, dismissing it, I decided I would convict him for aiding, assisting, abetting and encouraging Hayes Vance in the taking of the life of John Slone so that makes his avenue of escape number two blocked. He had another way that he might have escaped trial of this case. If there had

been no evidence against him, or not sufficient evidence against him to convict him, then the court, after hearing the evidence, his Honor on the Bench, would have taken the case from the jury and the jury would not have been called upon to consider it and write a verdict.''

Upon the objection to this line of argument, the court merely responded:

''If, in arguing the case, he gets out of the record, you are not to consider it. You will listen to his argument. He has a right to discuss the evidence and also the law in the case, but you know when he is out of the law and out of the evidence and you are not to consider it.''

A little later the attorney said:

''Of all the cases I have ever had or been interested in, Creed Martin is the guiltiest man of aiding, abetting, and encouraging a murder than any man I have ever tried.''

Further on, after attributing to the defendant a vicious threat of the deceased which is not to be found in the record (but to which no objection was entered), he proceeded:

''Judge Caudill and myself have been here since the first of January prosecuting criminals.''

Upon objection to this remark, the commonwealth's attorney responded:

''All right, strike it out of the record.''

But he nevertheless continued:

''It is time that jurors quit exercising sympathy in these cases and deal out the law and justice to men that take the lives of their neighbors and thank God we have been here since the first day of the year doing that and I thank this jury for doing that in this case.''

The court remained silent.

The import of the argument is that the defendant had tried to prevent indictment and to escape trial. There was nothing in the record to sustain the implication. Of more serious prejudicial effect are the statements of opinion of the prosecuting officer based upon the investigation which he told the jury he had made

that the defendant was the guiltiest man he had ever tried upon such a charge. This was coupled with the statement that he and the presiding judge had been prosecuting criminals since the 1st of January, and that, if the court had not believed the defendant guilty, he would have taken the case from the consideration of the jury. While the attorney for the commonwealth is entitled to a reasonable latitude in argument, he must be confined within reasonable limitations to the discussion of the instructions and the evidence and his deductions therefrom. We have held it proper for the attorney to state his opinion of guilt based upon the evidence, but have condemned the expression of personal opinion when it is indicated that it was based upon something not in the record. Linde v. Commonwealth, 208 Ky. 98, 270 S. W. 451; Winkler v. Commonwealth, 229 Ky. 708, 17 S. W. (2d) 999; Wallace v. Commonwealth, 229 Ky. 776, 18 S. W. (2d) 290; Etherton v. Commonwealth, 246 Ky. 553, 55 S. W. (2d) 343; East v. Commonwealth, 249 Ky. 46, 60 S. W. (2d) 137.

It was manifestly unfair to lead the jury to believe that the judge believed the defendant to be guilty and that he was collaborating in the prosecution. We are not unaware of the weight which a jury attaches to the views of the trial judge. It was the duty of the court to sustain the objections to the argument and to admonish the jury clearly and emphatically that it was improper instead of telling the jury that they should be the judge of its propriety. Other than the dying declarations there was very little evidence to prove the charge against the defendant on trial. There were two such statements each related by a different witness. Although they testified others were present when the declarations were made, none of them was offered as witnesses. The related statements of the deceased as to what occurred are not in accord with the evidence of the eyewitnesses whose testimony was heard. Because of the weakness of the case we are of the opinion that the argument must be held prejudicially improper and that the judgment should be reversed on this ground.

Judgment reversed.

Whole court sitting.