Wayne Bruce **BIVENS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Rehearing Denied Feb. 5, 1960.

E. R. Gregory, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

This is an appeal from a judgment of the Warren Circuit Court, which imposed a two-year sentence for conviction of the statutory offense of obtaining money under false pretenses. It is urged that the judgment should be reversed because the appellant was wrongfully denied court-appointed counsel when in the custody of officers and while being questioned; the Commonwealth's Attorney's final argument was improper; and the evidence was insufficient to identify the appellant as the guilty party.

On April 11, 1956, a male occupant of a car appeared at the drive-in window of the American National Bank of Bowling Green, Kentucky. He presented to the teller a deposit slip with the name Mullen-Haynes typed thereon as depositor, and with several checks payable to Mullen-Haynes attached thereto. The deposit slip, as made out, called for a deposit and cash payment back. Mullen-Haynes, an Owensboro drug company, had not authorized the deposit, had never employed the appellant, and some of the checks were shown to have been mailed to this firm at Owensboro and never received by it.

The appellant was staying at a rooming house in Bowling Green and was taken by officers to the police station for questioning. He was not placed under arrest. The questioning was done by a postal inspector, who stated that he informed appellant of his constitutional rights, that he was entitled to an attorney, and that he did not have to make any statement, oral or written, unless he wished to do so. Appellant then stated that he had no money with which to employ an attorney. The postal inspector asked the appellant if he owned a Ford car bearing a certain license number and appellant replied in the affirmative. Other questions were asked appellant as to his activities on April 11, 1956, to which he gave answers, none of which placed him in Bowling Green; also, he emptied the contents of his pockets for inspection.

■ The answers given by the appellant and the emptying of his pockets for inspection fell far short of being a confession. At most they were no more than admissions, and from a review of the evidence they appear to have been harmless. Further, there is nothing in this record to indicate the use of any force, coercion or persistent questioning designed to break resistance and compel incriminating answers. Nor is there any evidence showing that the appellant did not understand that he was not required to answer the questions. Obviously, there has been no violation of KRS 422.110. Brown v. Commonwealth, Ky., 275 S.W.2d 928; Curtis v. Commonwealth, 312 Ky. 205, 226 S.W.2d 753.

■■ The assertion that appellant's rights were ignored to his prejudice, when he was subjected to examination after requesting counsel and stating he was destitute, is based upon Section 11 of the Kentucky Constitution. This provision, it is argued, required that all questioning be terminated until such time as the appellant could be taken before the court and counsel appointed for him. Section 11 guarantees the accused in criminal prosecutions the right to be heard by himself and counsel. The appellant was being questioned and could have refused to give any answers. He had not been arrested. It would extend the scope of the term "criminal prosecutions" beyond its usually understood meaning to hold that it included this initial investigation so that it would be necessary for a court to appoint counsel

for him. As applied to this case, it is our opinion that the portion of Section 11 recognizing a right to counsel does not require that the court appoint counsel for one making a request therefor prior to the arrest, and, beyond that, it is not necessary to fix the precise time. See Gilmore v. United States, 10 Cir., 129 F.2d 199; Roberts v. State, 145 Neb. 658, 17 N.W.2d 666; Kemper v. State, 63 Tex.Cr.R. 1, 138 S.W. 1025; Ely v. Thompson, 10 Ky. 70.

In his closing argument the Commonwealth's Attorney made the following statement: "There is no question in my mind whatsoever but what this man under trial is the man who appeared there in that car and made the deposit and took the $948.17 in cash." This is said by the appellant to be a statement of personal opinion of the appellant's guilt inferring a knowledge beyond the evidence presented.

 This assignment of error can be disposed of in conjunction with the claimed lack of evidence identifying the appellant as the guilty party. Both contentions are based upon the failure of the teller to positively identify the appellant as the person presenting this deposit slip when he was first being questioned by officers and later at his investigating trial. However, at the trial in the circuit court the appellant was definitely identified by the teller as the guilty party. This was sufficient to sustain the conviction and made the argument of the Commonwealth's Attorney, to which objection has been advanced, fair comment on the evidence. That the same witness may have had doubts on prior occasions as to the appellant being the guilty party only goes to the weight of the evidence. There was sufficient evidence of identification to support the verdict and the Commonwealth's Attorney did not exceed the bounds of fair comment in his argument. Lewis v. Commonwealth, 307 Ky. 733, 212 S.W.2d 269; Linde v. Commonwealth, 208 Ky. 98, 270 S.W. 451.

The judgment is affirmed.