Terry **GREGORY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1977.

Jack Emory Farley, Public Defender, Margaret Marie Allison, Asst. Public Defender, Com. of Ky., Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., John W. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, PARK and WINTERSHEIMER, JJ.

WHITE, Judge.

This appeal comes from a conviction of criminal possession of a forged instrument in the second degree (KRS 516.060). The appellant was sentenced to one year's confinement on the charge.

The evidence introduced at trial showed that Mrs. Sara P. Alexander of Nashville, Tennessee, owned certain apartments located in Franklin, Kentucky. The manager of those apartments, Mrs. Eddie Bunch, hired Jessie Law to trim trees on the property for $400. In response to Mrs. Bunch's letter of March 1, 1976, informing her of this fact, Mrs. Alexander mailed to Mrs. Bunch her check # 3425 dated March 3, 1976, for $400 made payable to Jessie Law. This check was drawn on the Simpson County Bank. It was never received by Mrs. Bunch nor Jessie Law.

On March 6, 1976, the appellant, along with a lady friend, went to Sullivan's Department Store in Franklin, Kentucky. The manager of the store, Larry Dixon, testified that appellant selected several items of men's wear. The check in question was tendered to Chip Phillips, the clerk who waited on them. As was store policy, Phillips brought the check to Dixon for approval. Dixon testified that he examined the check and immediately noticed that there had been an erasure on the payee line. Dixon testified that the appellant had followed the clerk to the manager's office and was very nervously awaiting the fate of the check. When Dixon went out to tell appellant he could not accept the check, the appellant and his companion left without the check. The incident at Sullivan's Department Store took place within a matter of a few minutes.

An inspection of the check reveals that there is a noticeable erasure on the payee line. The check is filled out in black ink except that the name "Terry Gregory" has been written in blue ink over the erasure as being the payee.

On the basis of this circumstantial evidence, the appellant now contends that he was entitled to a directed verdict. His contention is based on the failure of the commonwealth to prove by direct evidence that the alteration of the check was unauthorized and that appellant, rather than his companion, was the person uttering or possessing the check.

■ A review of the evidence persuades us that the jury could reasonably draw the inferences it did from the evidence presented. Mrs. Alexander had drawn the check payable to Jessie Law, not to Terry Gregory. No one entitled to receive or handle the check did so before Gregory and his companion attempted to cash it. When they attempted to cash it they appeared very nervous and jumpy. The check had a noticeable erasure and the appellant's name had been written over it in a very obvious and amateurish fashion. The check was tendered as payment on men's clothing. The appellant and his companion left without the check when it became obvious that it would not be cashed without inquiry. All the reasonable inferences point to appellant's guilt, not his innocence. On the basis of this evidence the jury could reasonably believe that Gregory forged the check, or knew it was forged, and possessed or uttered it as the chief beneficiary of the act.

■ When the evidence shows that the name attached to the instrument had been forged, the inference arises that the person who uttered it as genuine either forged the instrument or knew it was forged, and unless the uttering or forgery was explained satisfactorily the presumption becomes conclusive. *Smith v. Commonwealth*, Ky., 307 S.W.2d 201 (1957). Here the appellant presented no evidence, so the presumption becomes conclusive. Though the evidence was not as strong as it could have been, we find no error in the failure of the trial court to direct a verdict for appellant.

■ Appellant's second point on appeal is that certain of the prosecuting attorney's closing remarks were prejudicial. During closing argument the prosecuting attorney stated:

Ladies and Gentlemen the law in cases such as this is that you can convict on circumstantial evidence. Had it not been so the Court would never have let you consider this case. The Court would have said, Mr. Steers [the prosecuting attorney], you have not presented sufficient evidence to enable to [sic] jury to find this Defendant guilty.

Gregory's trial counsel objected to these remarks. The trial judge overruled the objection, stating "Overrule your objection, go ahead."

In *Martin v. Commonwealth,* 255 Ky. 529, 75 S.W.2d 13 (1934), this state's highest court condemned a similar argument. In that case, the prosecuting attorney stated in closing argument:

If there had been no evidence against him, or not sufficient evidence against him to convict him, then the court after hearing the evidence, his Honor on the Bench, would have taken the case from the jury and the jury would not have been called upon to consider it and write a verdict.

The defendant's trial counsel objected to this argument. The trial court failed to sustain the objection. In reversing the judgment of conviction because of this and other remarks made during closing argument, the Court of Appeals stated:

It was manifestly unfair to lead the jury to believe that the judge believed the defendant to be guilty and that he was collaborating in the prosecution. We are not unaware of the weight which a jury attaches to the views of the trial judge. It was the duty of the court to sustain the objections to the argument and to admonish the jury clearly and emphatically that it was improper instead of telling the jury that they should be the judge of its propriety.

75 S.W.2d at 14. See also *United States v. Gambert,* 410 F.2d 383 (4th Cir. 1969).

The commonwealth relies upon a decision in *Rupard v. Commonwealth,* Ky., 475 S.W.2d 473 (1972). In that case a similar remark was made in the prosecuting attorney's closing argument. The court found that the remark did not constitute prejudicial error. However, no objection was made to the closing argument. The trial court in the *Rupard* case never had an opportunity to correct the error created by the prosecuting attorney's remark. In the present case, there was an objection which was overruled. The action of the trial judge, who overruled the objection and told the prosecuting attorney to "go ahead," necessarily reinforced the jury's impression that the court believed the evidence in the case was sufficient to convict.

■ In overruling the motion of Gregory's trial counsel to direct a verdict for the defendant, the trial judge commented in chambers that there was "just barely" enough proof to take the commonwealth's case to the jury. Because of the quality of the proof in this case, the prosecuting attorney's remarks during closing argument were not only improper but were prejudicial.

Appellant's final contention is that the final judgment of the trial court did not clearly disclose that there had been compliance with the mandatory provisions of KRS 532.050 and KRS 532.010. We agree. However, the error is moot in light of our reversal on the prosecutor's arguments.

The judgment is reversed with directions to grant appellant a new trial.

All concur.