Ronnie MISHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 8, 1978.

Discretionary Review Denied Feb. 20, 1979.

Jack Emory Farley, Public Advocate, Commonwealth of Kentucky, Frankfort, Kevin Michael McNally, Asst. Public Defender, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, LESTER and VANCE, JJ.

GANT, Judge.

Appellant was found inside a store building with the roof vent open, an overturned ladder on the premises, a shotgun in his hands and the burglar alarm sounding in his ears. Upon his arrest, a watch worth approximately $1,000, which had been taken in a prior theft, was found in his possession. He was indicted for second degree burglary and receiving stolen property. At a pretrial hearing between counsel for the appellant and the Commonwealth Attorney, plea bargaining began and was concluded with the Assistant Commonwealth Attorney a few days later. Counsel for the appellant was asked if the appellant had a record of prior convictions and responded that he had a juvenile record "as long as your arm and leg" but when questioned about appellant's adult record he responded that he didn't think he had one and that he didn't know of anything.

At the conclusion of this colloquy, the prosecutor agreed to reduce the charge of second degree burglary to third degree burglary, a Class D Felony, and to recommend to the court one year on the reduced charge, together with one year on the receiving charge, the two sentences to be served concurrently for a total sentence of one year. This agreement was reduced to writing on the pretrial disposition sheet, which contained the statement, "All parties understand that the recommendations are not binding on the court", and was signed by the appellant, his attorney and the Assistant Commonwealth Attorney. The Commonwealth then moved to reduce the burglary charge, which motion was sustained. The appellant thereafter signed a Waiver of Further Proceedings and a Petition to Enter Plea of Guilty which contained, as Paragraph 9, the following statement:

I also understand that if I plead "GUILTY" the court may impose the same punishment as if I had pleaded "Not Guilty," stood trial and been convicted by a jury *and that the court need not accept any recommendations as to the sentence that may be made by the Commonwealth.* (Emphasis added).

His attorney certified that his plea was being voluntarily and understandingly made and the plea was accepted by the court. The transcript of the proceeding on this plea contained the following:

Q. 10. Have any promises or representations of any nature been made to you by anyone to influence you to enter a plea of guilty?

A. No, sir.

Q. 11. Do you understand that no one could make you such a promise that would bind me as Judge of this Court?

A. Yes, sir.

Q. 15. It has been indicated by your counsel, Mr. Paitsel, that you wish to waive having the jury assess punishment and that you desire the judge to fix your punishment without a jury. Is that what you wish?

A. Yes, sir.

Q. 16. Do you realize that under the offenses with which you are charged the court could sentence you to imprisonment for as long as five and ten years (five years on each)?

A. Yes, sir.

An order was entered finding the appellant guilty on both counts and fixing his punishment at one year on each count, to run concurrently, which order was apparently signed by mistake and set aside by subsequent order. The case was set over for presentence investigation and prior to judgment the court learned that the appellant had been previously convicted of a felony in the same court just two years before and had just completed his probation. This appeared in the presentence report filed with the court prior to formal sentencing and judgment.

At this formal sentencing, the court made the appellant award of the fact that he had subsequently learned of the previous offense and that he would not honor the recommendation of the Commonwealth Attorney. He immediately offered the appellant the right to withdraw his guilty plea but appellant declined to do so. After additional discussion, the court again indicated it would not accept the recommendation of the Commonwealth Attorney and again offered to let the appellant withdraw his guilty plea. The appellant again refused, whereupon the judge sentenced him to two years on the charge of third degree burglary and one year on the charge of receiving stolen property, said sentences to be run consecutively for a total sentence of three years.

Appellant did not appeal from this but subsequently, and some five months after sentence was imposed, filed motion to vacate and set aside the judgment pursuant to RCr 11.42, which motion was denied and from which order denying said motion this appeal was taken.

Appellant asks reversal on the grounds that the Commonwealth failed to keep its commitment concerning sentence recommendation on a guilty plea, relying on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and numerous cases decided thereunder. We affirm the conviction and the sentence.

■ The law is clearly set out in *Santobello, supra*. If the guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, then the promise must be fulfilled. Appellant fails in every aspect of that test. Under the circumstances of this arrest, he can hardly claim that his plea of guilty was induced by a promise of the prosecutor. Additionally, in contrast to *Santobello* and other cases cited by the appellant, the prosecutor herein kept his commitment. He was successful in his motion to reduce the charge from second degree burglary to third degree burglary and he recommended the sentence to which he had committed himself.

Appellant must fail, also, under the additional holding of *Santobello* which provides that the alternatives under these circumstances are (1) specific performance, *or* (2) granting opportunity to withdraw the plea of guilty. The lower court twice offered the appellant the opportunity to withdraw his plea of guilty, which offer he twice declined. He assigns as reason therefor the fact that he had admitted the burglary to the interviewing probation officer. Under the facts of this case, this admission was totally superfluous. His position of peril would hardly have been changed even if this "confession" were admissible.

It is made manifestly clear at every step in this proceeding that the recommendation of the prosecutor was not binding on the court, the appellant even acknowledging his realization of this on two occasions.

■ This case brings into sharp focus the proceedings of the criminal courts of this Commonwealth. Over 90% of the dispositions made of criminal cases in this state are by pleas of guilty. These are customarily the result of pretrial conferences and sentence negotiation or plea bargaining. However, in this procedure there is an obligation on the prosecutor that cannot be

ignored and that is to determine his recommendations concerning the amendment of charges and length of sentence by thorough investigation of the case *and* the criminal history of the defendant. In fact, it is better practice to make the investigation of the record of persons charged with felonies even before indictment in order to determine whether the accused is a recidivist or persistent felony offender. In the case before us there is some evidence that the appellant had a prior conviction in Tennessee, as well as the conviction for a felony in the same county and by the same circuit court just two years prior to this plea of guilty. The latter could have been discovered by a minimum effort, which apparently was not made. To reduce the original charge where an armed recidivist was found inside the building with stolen property in his possession evidences, at best, a lack of thoroughness.

In cases involving guilty pleas, KRS 532.-050 should be adhered to. This statute, in part, provides as follows:

(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation and giving due consideration to a written report of such investigation.

(2) The report shall be prepared and presented by a probation officer and shall include an analysis of the defendant's history of delinquency of criminality, physical and mental condition, family situation and background, economic status, education, occupation, personal habits, and any other matters that the court directs to be included.

■ As this statute clearly sets out, the procedure required therein is mandatory and numerous cases have been remanded for compliance. *See Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977); *Darnell v. Commonwealth*, Ky., 558 S.W.2d 590 (1977); *Taylor v. Commonwealth*, Ky.App., 551 S.W.2d 813 (1977); *Patterson v. Commonwealth*, Ky.App., 555 S.W.2d 607 (1977); *Gregory v. Commonwealth*, Ky.App., 557 S.W.2d 439 (1977). Following jury verdicts,

KRS 532.050 relates almost exclusively to probation or conditional release but it is contained in that section of our statutes entitled "Authorized Disposition" and not the probation section. The sentencing function of our courts on pleas of guilty is carried out by the judge. While the prosecutor and defense counsel, along with the defendant, may discuss and negotiate, they cannot impose sentence by agreement. Upon pleas of guilty, the purpose of this section is clearly to furnish the court with an adequate background from which an evaluation of the defendant may be made, together with an assessment of the recommendation made by the prosecutor concerning the crimes with which the defendant is charged, and the sentence therefor.

■ Many courts utilize "informal" sentencing, which should be dispensed with in light of KRS 532.050, which requires investigation before any type of sentencing. The sentencing court should merely accept the plea, note the recommendation or agreement concerning sentence, and set a day certain for sentencing. No sentencing at all should be carried out until KRS 532.-050 has been complied with. Subject to that compliance, lower courts might well follow the procedure set out in Rule 11 of the Federal Rules of Criminal Procedure.

We compliment the lower court for his forms, his procedures and his thoroughness, and we find no error herein.

The judgment of the Fulton Circuit Court is affirmed.

All concur.