**Lesia BOWLING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 20, 1984.

Discretionary Review Denied Feb. 21, 1985.

Eleanore M. Garber, Appellate Public Advocate, Allison, Soreff & Garber, P.S.C., Louisville, for appellant.

David L. Armstrong, Atty. Gen., Virgil W. Webb III, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and HOWARD and HOWERTON, JJ.

HOWARD, Judge.

Lesia Bowling appeals from a judgment of the Shelby Circuit Court entered on her plea of guilty to facilitation of escape, five years; facilitation of murder, five years; and promoting contraband, five years. The judgment ordered the sentences to run consecutively. Bowling contends that the trial judge should have ordered the sentences to run concurrently.

The Shelby County grand jury indicated Bowling on one count of complicity to murder, one count of complicity to first-degree escape, and one count of promoting contraband in the first degree. Prior to trial, the public defender and the assistant Commonwealth's attorney engaged in plea bargaining negotiations by which it was agreed that if Bowling would plead guilty to facilitation of murder and escape and promoting contraband, plus testify against other individuals, the Commonwealth would recommend five years for each count, said sentences to run concurrently. The record indicates that, due to a later disagreement by counsel over the sentences running concurrently or consecutively, the trial court advised the public defender that the Commonwealth would abide by its promise to recommend concurrent sentences, but made it clear that the court was not bound to accept the recommendations.

Bowling entered guilty pleas to the three counts. At sentencing, the court imposed sentences of five years on each count to run consecutively. Bowling immediately moved to withdraw her plea of guilty, and the court sustained the motion. However, after further consultation with her counsel, Bowling withdrew her motion to withdraw her guilty plea, and accepted the fifteen-year total sentence. Bowling now brings this appeal. We affirm.

Bowling contends that the trial court erred by ordering the Commonwealth to perform according to its agreement and then imposing a sentence in contravention of the Commonwealth's recommendations. For support, Bowling relies on a portion of the court's order of July 5, 1983, which accepted the guilty pleas, stating:

It appearing that there was a disagreement between the Commonwealth's Attorney and the attorney for the defendant, as to the recommended sentence for the defendant, and the Court, being advised, and under the authority of Commonwealth vs. Workman, orders that the record reflect, in accordance with the bargaining of the parties, that the sentences herein run concurrently.

Bowling interprets this portion of the order as accepting the Commonwealth's recommendation for concurrent sentences. As such, Bowling urges that the trial court

could not later, at the July 26, 1983 sentencing proceedings, impose consecutive sentences.

■ However, the transcript of the sentencing proceeding clearly discloses the intent of the trial court in including this paragraph within the acceptance of the pleas. The court below was merely placing the plea bargain correctly on the record, in effect forcing the Commonwealth to make the recommendations as agreed. Thus, the court had not accepted any recommendation before the sentencing proceedings. Further, the trial court could not have accepted a sentence recommendation without consideration of a presentence report, pursuant to K.R.S. 532.050. The court below apparently had not given consideration to any such report at the time of the guilty plea, but relied heavily upon it at the time of sentencing. As stated in *Misher v. Commonwealth,* Ky.App., 576 S.W.2d 238 (1978):

> The sentencing function of our courts on pleas of guilty is carried out by the judge. While the prosecutor and defense counsel, along with the defendant, may discuss and negotiate, they cannot impose sentence by agreement. Upon pleas of guilty, the purpose of this section [KRS 532.050] is clearly to furnish the court with an adequate background from which an evaluation of the defendant may be made, together with an assessment of the recommendation made by the prosecutor concerning the crimes with which the defendant is charged, and the sentence therefor.

■ The trial court, before accepting the guilty pleas, twice advised Bowling that the court was not bound by any recommendations. Bowling acknowledged this but still chose to plead guilty. After the sentencing did not go in step with Bowling's expectations, the court allowed Bowling to withdraw her plea. Bowling then chose to reinstate the plea.

We cannot find any error in the procedure and thoroughness of the court below. It was made clear at every step of the proceeding that the recommendation of the Commonwealth was not binding on the court. As such, the judgment of the Shelby Circuit Court is affirmed.

All concur.