Glenn MATHENY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–SC–0269–MR.

Supreme Court of Kentucky.

Feb. 22, 2001.

Ned Barry Pillersdorf, Pillersdorf, Derossett & Barrett, Prestonsburg, Counsel for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Anitria M. Franklin, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

JOHNSTONE, Justice.

Appellant, Glenn Matheny, was convicted of fourteen (14) counts of first-degree rape, seven (7) counts of first-degree sodomy, one (1) count of sexual abuse and was sentenced to a total of twenty years' imprisonment. He appeals as a matter of right. We remand for a new sentencing hearing.

Matheny was indicted originally on four counts of rape and sodomy. The charges stemmed from allegations by adult women who claimed that Matheny forced them to submit to him sexually throughout their childhoods. Subsequently, the Commonwealth brought an amended indictment against Matheny which superseded the original indictment and added thirty new counts of sexual abuse, rape, and sodomy. Matheny initially entered a plea of not guilty to all thirty-four counts. The Commonwealth and Matheny then entered into extended plea negotiations, which eventually resulted in a plea agreement.

According to the terms of the plea agreement, the Commonwealth was to dismiss all counts against Matheny except Counts One (1) and Seventeen (17), which counts were to be amended to first-degree sexual abuse, a class D felony. Further, the Commonwealth was to recommend a sentence of three years on each count, that the sentences be run concurrently, and that Matheny be probated pursuant to conditions that were to be set forth at sentencing. This agreement is memorialized in writing in Matheny's motion to enter a guilty plea and bears the initials of the Assistant Commonwealth's Attorney prosecuting the case and Matheny's defense counsel.

Pursuant to the plea agreement, Matheny appeared in open court with counsel on August 19, 1994, withdrew his former plea of not guilty, and entered a plea of guilty to two counts of first-degree sexual abuse. The trial court accepted Matheny's guilty plea on these two counts and fixed his sentence at three years on each count. However, the trial court postponed entry of the judgment imposing Matheny's sentence to a later date in order to review the presentencing investigation report. The trial court's oral judgment was reduced to a written Judgment on a Guilty Plea, which was entered on September 1, 1994. In the judgment, Matheny was found guilty of two counts of first-degree sexual abuse and his sentence was fixed at three years on each charge.

Matheny's formal sentencing hearing was held on February 3, 1995. At this hearing, the trial court allowed Matheny to make a statement on his behalf, which he did through counsel. Next, the Commonwealth recommended probation conditioned on a requirement that Matheny undergo counseling. However, before the trial court could pronounce judgment, one of the victims asked to be heard. This clearly came as a surprise to both defense counsel and the Commonwealth. The trial court allowed the victim to be heard. She stated that she was not satisfied with probation and felt that Matheny should serve some time. The trial court indicated that the victim's statements might affect its sentencing determination. Thereafter, a bench conference with both counsel ensued.

As a result of the conference, defense counsel went to confer with Matheny and the attorney for the Commonwealth went to confer with the victim. Specifically, the Commonwealth went to ask the victim if she would be satisfied with the time served by Matheny or would object to shock probation. After discussing the matter, the Commonwealth withdrew its offer under the plea agreement. At this point, the video record abruptly stops.

Just prior to trial, Matheny moved the trial court to enforce the plea agreement. In denying the motion, the trial court explained,

I guess I'm looking at it ... at that point in time, the Court would have permitted the defendant to have withdrawn his plea and ... so I guess that ... in

fairness the Commonwealth ought to be able to withdraw their offer—although I would agree it seems a little late to do that.

Thus, it seems clear from the record that the trial court granted the Commonwealth's motion to withdraw its offer under the plea agreement and, as a result, set the matter for trial on the thirty-four count indictment.

■ The trial court erred in allowing the Commonwealth to withdraw its offer. If a plea "offer is made by the prosecution and accepted by the accused, either by entering a plea or by taking action to his detriment in reliance on the offer, then the agreement becomes binding and enforceable." *Smith v. Commonwealth*, Ky., 845 S.W.2d 534, 537 (1993), citing *Commonwealth v. Reyes*, Ky., 764 S.W.2d 62, 65 (1989); *see also, Workman v. Commonwealth*, Ky., 580 S.W.2d 206, 207 (1979), overruled on other grounds, *Morton v. Commonwealth*, Ky., 817 S.W.2d 218 (1991). Once the trial court accepted Matheny's plea, the plea agreement became binding on the Commonwealth and Matheny was entitled to enforce it.

The Commonwealth attempts to distinguish *Workman* and *Reyes* on grounds that neither case involved a situation in which the Commonwealth withdrew its offer because of a change of heart by a victim of the defendant after the plea agreement had been struck. The argument is without merit.

■ Absent express approval in a plea agreement, a crime victim is not bound by its terms. As stated by the Court of Appeals in *Wilson v. Commonwealth*, Ky.App., 839 S.W.2d 17 (1992), "[T]he rights provided to crime victims by KRS 421.500 through 421.550 belong to the victim independent of the Commonwealth, and cannot be plea bargained away without the crime victim's actual approval." *Id.* at 21. However, this fact does not free the Commonwealth from performing its part of the plea agreement as to a sentencing recommendation. *Id.* A crime victim's right to make his or her feelings, opinions, and experiences known to the trial court prior to sentencing has no bearing on the Commonwealth's obligation to adhere to the terms of a completed plea agreement. Rather, the statute gives a crime victim the right to be heard by the trial court prior to sentencing. The impact of a crime victim's input on the viability of a consummated plea agreement is for the trial court alone to decide.

Having determined that the trial court erred in allowing the Commonwealth to withdraw its offer after consummation of the plea agreement, we must next determine what remedy is appropriate.

■ We hold that this case must be remanded for a new sentencing hearing. The sentencing hearing shall be on the two counts of first-degree sexual abuse to which Matheny pled guilty on August 19, 1994. At the hearing, the Commonwealth shall make its sentencing recommendation according to the original plea agreement, *i.e.*, recommend that the sentences be served concurrently and that Matheny be granted probation.

We next address the effect of the trial court's acceptance of Matheny's guilty plea and the fixing of his sentence in accordance with the Commonwealth's recommendation. The acceptance or rejection of a guilty plea is controlled by RCr 8.10, which provides in pertinent part:

If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in that guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The court can defer accepting or rejecting the plea agreement until there has been an opportunity to consider the presentence report.

 In the case at bar, when the trial court accepted Matheny's plea of guilty to the two counts of first-degree sexual abuse on August 19, 1994, it never advised Matheny that it was rejecting the plea agreement. On the contrary, the trial court manifested an objective confirmation of the agreement by *accepting* Matheny's guilty plea and fixing his sentence according to the Commonwealth's recommendation. While, under the rule, the trial court could have deferred its decision to reject or accept the plea until it had the opportunity to review the presentence report, it did not. The only matters left unresolved on August 19, 1994, were whether the sentences should be run concurrently or consecutively, and whether to probate Matheny. These unresolved issues are all that are left to be decided at the new sentencing hearing.

Our holding in this case is seemingly inconsistent with the holding of *Simpson v. Commonwealth*, Ky., 759 S.W.2d 224 (1988), which is factually quite similar on this issue. However, *Simpson* is distinguishable. First, in *Simpson*, the trial court granted the *defendant's* motion to withdraw his guilty plea. *Id.* at 228. Whereas, in the case at bar, the trial court granted the Commonwealth's motion to withdraw its recommendation. Next, upon accepting the defendant's plea, the trial court in *Simpson* plainly informed the defendant that it was not bound by the plea agreement and that the defendant was still subject to the full range of penalties. *Id.* In the case at bar, the trial court did not so admonish Matheny.

 For guidance to the bench and bar, we set forth the preferred procedure a trial court should follow when accepting a guilty plea that is made pursuant to a plea agreement. As stated by the Court of Appeals in *Misher v. Commonwealth*, Ky. App., 576 S.W.2d 238 (1978), "The sentenc-

ing court should merely accept the plea, note the recommendation or agreement concerning sentence, and set a day certain for sentencing. No sentencing at all should be carried out until KRS 532.050 has been complied with." *Id.* at 241.

Finally, we note that the other arguments pertaining to alleged errors in Matheny's trial are either not ripe for review, or are moot.

Therefore, this case is remanded for a sentencing hearing in conformity with this opinion.

LAMBERT, C.J., COOPER, GRAVES, KELLER, and WINTERSHEIMER, JJ., concur.

STUMBO, J., not sitting.